(No. 54392.—

*In re* MARRIAGE OF JAMES PATRICK MUSSER, Appellant, and MARGARET MONA MUSSER, Appellee.

*Opinion filed November 20, 1981.*

Hull, Campbell, Robinson & Gibson, of Decatur (Michael I. Campbell and Thomas W. Gendry, of counsel), for appellant.

Tenney, Tietz & Heavner, of Decatur (Richard L. Heavner, of counsel), for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Respondent, Margaret Mona Musser, appealed from the order of the circuit court of Macon County modifying its previous order entered in proceedings following the dissolution of her marriage to petitioner, James Patrick Musser. The appellate court reversed and remanded (90 Ill. App. 3d 18), and we allowed petitioner leave to appeal.

In the original judgment of dissolution of the marriage petitioner was ordered to pay respondent $30 per week child support and $50 per month for one year as maintenance. Petitioner was also awarded his military retirement pension as his exclusive nonmarital property. Respondent appealed, and the appellate court reversed and remanded. (70 Ill. App. 3d 706.) On remand the circuit court, in compliance with the appellate court's mandate, modified the original order by awarding respondent a portion of the military retirement· pension. On the same day that the docket order was entered effecting the modification, petitioner filed a motion under section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.3). The circuit court, upon allowance of that motion, again awarded petitioner the entire pension. The appellate court reversed with directions to the circuit court to reinstate the order granting respondent 45% of the net monthly benefits from the military pension. The present appeal is from this order.

The principal issue in this case has been resolved by the decision of the Supreme Court in *McCarty v. McCarty* (1981), 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728. We need not lengthen this opinion with a discussion of the ratio-

nale of the Supreme Court's opinion; it suffices to say that it was held that the retired pay of military personnel is a personal entitlement and that Federal law precludes a State court from dividing military nondisability retired pay pursuant to State law.

The only remaining question argued in the briefs is respondent's contention that upon remand the circuit court was without authority to consider evidence of events occurring subsequent to the entry of the order of dissolution, upon which evidence the order awarding petitioner his entire pension was based. In view of our conclusion that the decision in this case is governed by *McCarty,* we need not and do not consider this latter contention.

For the reasons stated, the judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*