*In re* MARRIAGE OF WILLIAM MEYER, Petitioner-Appellee, and SHELBY MEYER, Respondent-Appellant.

Fifth District   No. 81-120

Opinion filed December 22, 1981.

Jack L. Giannini, of Belleville, for appellant.

John R. Sprague, Jr., of Sprague, Sprague & Ysursa, of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Respondent Shelby Meyer appeals from a judgment of dissolution of marriage whereby the circuit court disposed of certain property acquired during her marriage to petitioner William Meyer. Respondent raises several contentions of error; however, we need only discuss her first point, whether the trial court erred in its method of determining the respondent's share of the marital property represented by petitioner's military retirement pension. We reverse and remand.

Although petitioner has not filed a cross-appeal, the propriety of the trial court's characterization of a portion of petitioner's military pension as marital property has been properly raised by respondent. Consequently, we will review this portion of the trial court's judgment.

Petitioner has been employed by the United States Army for the past two years. Prior to that job, he served in the United States Air Force for a little over 21 years, the latter 17 of which he was married to respondent. Petitioner receives a pension from the Air Force amounting to a net payment of $578.45 per month. The trial court ordered the petitioner to receive "18.36 percent of his net military pension [as] non-marital property and the remainder of his net military pension except that he shall pay to the respondent through the Clerk of the Circuit Court an amount equal to 45 percent of the net marital portion of said pension. Payments to be made on a monthly basis and that said award is a division of property and is not an award of maintenance."

■■ Recently the United States Supreme Court had occasion to decide "whether, upon dissolution of a marriage, federal law precludes a state court from dividing military nondisability retired pay pursuant to state community property laws." (*McCarty v. McCarty* (1981), ___U.S. ___, ___, 69 L. Ed. 2d 589, 593, 101 S. Ct. 2728, 2730.) The court concluded that Federal law does preclude such a disposition of military nondisability retirement pay. The *McCarty* case is applicable to the case *sub judice* because the trial court's disposition of the petitioner's military pension closely parallels that in *McCarty*. Under *McCarty*, military nondisability retirement pay is "the personal entitlement of the retiree." (*McCarty*, ___U.S. ___, ___, 69 L. Ed. 2d 589, 605, 101 S. Ct. 2728, 2741.) Hence, the trial court erred in awarding respondent any portion of the pension. See *In re Marriage of Musser* (1981), 87 Ill. 2d 68.

■■ We must now determine whether the trial court may properly consider the military pension in determining the appropriate disposition of the marital property. The *McCarty* decision rested on an impermissible State interference with the statutory scheme's provisions "for the retired service member," and intrusion into "the personnel management needs of the active military forces." (*McCarty*, ___ U.S. ___, ___, 69 L. Ed. 2d 589, 606, 101 S. Ct. 2728, 2741.) Allowing the trial court to consider the military

retirement pay of one spouse in arriving at a property disposition will interfere with neither of these goals. The former service member may have other obligations increased which may have an adverse economic impact on him personally, but it will not diminish the fund to which he is entitled by congressional mandate. The *McCarty* opinion noted that the ex-spouse retains the right "to garnish military retired pay for the purposes of support." (*McCarty*, ___ U.S. ___, ___, 69 L. Ed. 2d 589, 608, 101 S. Ct. 2728, 2743.) Because the retirement fund itself will be unaffected and because this fund may be used indirectly to provide support, consideration of the military pension in arriving at property and maintenance dispositions will have no adverse impact on either congressional goal.

> "[T]rial courts must consider the overall picture in disposing of marital property while providing for maintenance, child support, and attorneys fees. * * * Moreover, the other property awards, although not challenged on appeal, may also be modified if the trial court finds such changes necessary to promote a just distribution of marital property." *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 636-37, 397 N.E.2d 488.

We must therefore reverse the judgment of the trial court to the extent that the parties' property rights have been adjudicated, and we remand this cause to the circuit court of St. Clair County for a redetermination of property disposition and reconsideration of child support and maintenance in accordance with this opinion.

Reversed and remanded.

KASSERMAN, P. J., and WELCH, J., concur.