*In re* MARRIAGE OF JANIS L. SMITH, Petitioner-Appellant, and DONALD SMITH, Respondent-Appellee.

First District (3rd Division)    No. 80-260

Opinion filed December 23, 1981.

Propp & Schultz, of Chicago, for appellant.

Bentley, DuCanto & Doss, Ltd., of Chicago (Owen L. Doss and Paul J. Bargiel, of counsel), for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

This appeal is taken from a supplemental judgment entered by the trial court subsequent to the entry of a judgment of dissolution of the

marriage of Janis L. Smith, the petitioner, and Donald Smith, the respondent. The petitioner contends that the trial court committed error in awarding the family residence to the respondent as nonmarital property and in failing to make a specific finding that the respondent's military pension was marital property. We will discuss only that testimony which is relevant to a determination of these issues.

The parties to this appeal became engaged in October 1963 and were married on March 15, 1964. Three children were born to the parties during their marriage. In February 1964, Donald purchased a home in Arlington Heights. They resided in this home from the date of their marriage until October 1978, when Janis and the children moved into a rented home.

Janis testified that she aided Donald in the search for the home and that she and Donald had decided not to set a wedding date until after a home was purchased. She did not see the home before it was purchased and did not discover that Donald had put it in a land trust until a few years after their marriage.

Donald testified that he searched for a home before and after his engagement to Janis. He signed the purchase agreement for the Arlington Heights home individually and used funds for its purchase from the sale of a home he had acquired during a prior marriage. Donald also stated that he signed the mortgage agreement and made the mortgage payments from his income. Title to that home was held in a land trust in which Donald was the primary beneficiary and Monique, his daughter from the prior marriage, was the contingent beneficiary. Donald testified that he told Janis of this arrangement before their marriage.

Donald further testified that he was retired and was receiving social security and civil service and military retirement payments. His gross income was $3,830 per month and $183.30 was deducted for survivors' benefits and medical expenses for his children. Income taxes were also deducted from his retirement payments. The gross military retirement payment was $1,533.97, and after deductions the net amount was $1,295.69. Donald testified that he was driving a 1976 Lincoln automobile, valued at $4,500 but subject to a lien of $2,600. He possessed furniture valued at $500 and a recreational camper valued at $6,000 but subject to a $3,500 lien.

The trial court held that the Arlington Heights home was Donald's nonmarital property. In addition to the home, Donald was awarded the following marital property: the recreational camper and the 1976 Lincoln automobile with their respective liens and the household furnishings in his possession. As her portion of the marital property, Janis was awarded the 1973 Volkswagen automobile and the household furnishings in her possession. As unallocated support for Janis and the minor children,

Donald was ordered to pay $1,160 per month, based on the parties' respective incomes at the time of the supplemental judgment.

The Illinois Marriage and Dissolution of Marriage Act (the Dissolution Act) provides in pertinent part that:

"(a) For purposes of this Act, 'marital property' means all property acquired by either spouse subsequent to the marriage, except the following, which is known as 'non-marital property':

(1) property acquired by gift, bequest, devise or descent;

(2) property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise or descent;

(3) property acquired by a spouse after a judgment of legal separation;

(4) property excluded by valid agreement of the parties;

(5) the increase in value of property acquired before the marriage; and

(6) property acquired before the marriage." (Ill. Rev. Stat. 1977, ch. 40, par. 503(a).)

Janis argues that the Arlington Heights home was erroneously classified as nonmarital property merely because it was acquired before the marriage. She argues that the Arlington Heights home should have been classified as marital property because the mortgage payments made during the marriage were made with marital funds derived from Donald's earnings.

■ In *In re Marriage of Smith* (1981), 86 Ill. 2d 518, 427 N.E.2d 1239, our supreme court has resolved the question of whether commingling nonmarital property with marital property transmutes the nonmarital property into marital property. (See Fleck & Schiller, *Developments in Marital Property Law*, 68 Ill. B.J. 698 (1980). For a discussion of transmutation and commingling theories, see Kalcheim, *Intention Controls: The Theory of Transmutation—The Effect of Placing Property Which Was Initially Non-Marital Into Joint Tenancy; The Theory of Commingling—The Effect of Intermingling Marital and Non-Marital Funds*, 68 Ill. B.J. 320 (1980).) In that case the court held that pursuant to section 503(b) of the Dissolution Act there is a rebuttable presumption that nonmarital property acquired during the marriage becomes marital property when it is commingled with marital property. This presumption can be overcome only by proof that the nonmarital property was acquired exclusively by a method listed in section 503(a) of the Dissolution Act and that the property remained segregated from and was not augmented by marital funds. In *In re Marriage of Lee* (1981), 87 Ill. 2d 64, ___ N.E.2d ___, the court extended the transmutation principle to nonmarital property acquired before the marriage holding that where there has been contribu-

tion of marital property to nonmarital property, the entire property is transmuted to marital property.

Applying the above-stated principles to the facts in the instant case, we find that at the time of Donald and Janis' marriage, the Arlington Heights home was Donald's nonmarital asset. However, the payment of the mortgage with marital assets consisting of Donald's income during the marriage (see *In re Marriage of Fleming* (1980), 80 Ill. App. 3d 1006, 400 N.E.2d 625; see also *In re Marriage of Leon* (1980), 80 Ill. App. 3d 383, 399 N.E.2d 1006; Ill. Rev. Stat. 1977, ch. 40, par. 503(b)), caused a commingling of marital and nonmarital assets and transmuted the entire property into marital property. (*In re Marriage of Lee.*) On remand this marital property should be divided in accordance with the factors set forth in section 503(c) of the Dissolution Act (Ill. Rev. Stat. 1977, ch. 40, par. 503(c)); and Donald's traceable nonmarital asset contribution and Donald's financial and Janis' domestic contributions should be considered in that division. The court also should reconsider the interrelated issues of maintenance and child support as the division of marital property is a relevant factor to those determinations. Ill. Rev. Stat. 1977, ch. 40, pars. 504(b)(1), 505(2); *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 397 N.E.2d 488.

The second issue presented by Janis is whether Donald's transfer of the Arlington Heights home into a land trust prior to their marriage constituted a fraud upon her marital rights. In view of our finding that the family residence should be divided between the parties as marital property, we find it unnecessary to discuss the viability of such an argument in a marriage dissolution proceeding.

The final issue presented is whether the trial court erred in failing to specifically determine Janis' interest in Donald's military pension.

■■ Generally, pension benefits, to the extent that they are earned during the marriage, are marital property. (*In re Marriage of Pieper* (1979), 79 Ill. App. 3d 835, 398 N.E.2d 868; *In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 397 N.E.2d 511.) Recently, however, in *McCarty v. McCarty* (1981), ___ U.S. ___, 69 L. Ed 2d 589, 101 S. Ct. 2728, the United States Supreme Court held that Federal law precludes a State court from dividing military nondisability retirement pay pursuant to State law. (*In re Marriage of Musser* (1981), 87 Ill. 2d 68, 429 N.E.2d 530.) Therefore, Donald's military pension was not subject to division as marital property. Although no specific ruling was made with respect to the military pension in the instant case, we believe that Janis was awarded her proportionate share of the military pension as part of the periodic unallocated support payments ordered by the trial court. To the extent that it was so divided, error was committed. On remand, the trial court should vacate that

portion of Janis' award which was based on Donald's military pension.

For the foregoing reasons, the supplemental judgment of the circuit court of Cook County is reversed in part and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed in part and remanded.

RIZZI, P. J., and McNAMARA, J., concur.