*In re* MARRIAGE OF ILA ALLCOCK, Petitioner-Appellee, and JOHN V. ALLCOCK, Respondent-Appellant.

Third District    No. 81-617

Opinion filed June 22, 1982.—Rehearing denied July 23, 1982.

Bradley W. Dunham, of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellant.

Donald K. Birner, of Pekin, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The marriage between the petitioner, Ila Allcock, and the respondent, John V. Allcock, was dissolved by judgment on August 30, 1979, in the circuit court of Tazewell County. Following a bifurcated hearing on property settlement and support payments, the trial court found that the respondent's allotment from the Veterans Administration was marital property. The petitioner was awarded a 50% interest in each allotment check issued to the respondent until she or the respondent died. The supplementary judgment provided for other property and support arrangements; however, they are not in issue in this appeal.

The respondent filed an appeal from the supplementary judgment on November 5, 1979. He asserted that the allotment was nonmarital property, and that the petitioner had no interest in it. However, before that appeal was heard, the parties entered into a stipulation agreement wherein they agreed to dismiss the appeal. The appeal was subsequently dismissed on April 14, 1980.

The stipulation agreement was approved and adopted by the trial court on April 14, 1980, following a hearing. It corrected the language used in the supplementary judgment concerning the "allotment check" from the "Veterans Administration" in order to clarify the source of the payment. The "allotment" was really a military nondisability retirement pension from the United States Army which the respondent had been receiving since June 1966. The stipulation provided that the petitioner would receive 45% of the monthly military retirement checks, and added that these payments would terminate upon the petitioner's remarriage. It also stated that the petitioner was to receive a copy each month of the retirement pension check.

Although the April 14, 1980, order adopting the stipulation agreement was entered months after the supplementary judgment, it was applied retroactively to the percentage interest of the petitioner. The order provided that the petitioner's share of the pension money, which had been paid into an escrow account by the respondent following a court order, be distributed to the parties. The petitioner was to receive 90% of the account, while the respondent was to receive the remaining 10%. This provision placed the parties in the position they would have been in had the supplementary judgment awarded 45% to the petitioner.

On August 26, 1981, the respondent filed a motion with the trial court to vacate its April 14, 1980, order. The respondent claimed that the order was void for want of jurisdiction. He prayed that any and all orders entered by the court pertaining to his military retirement pay be vacated, and that the court enter an order awarding him any and all such pay received or to be received. The respondent based his argument on the fact that a recent United States Supreme Court decision, *McCarty v. McCarty*

(1981), 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728, determined that the area of military nondisability retirement pensions had been pre-empted by the Federal Government, and that the pensions were not subject to division upon dissolution of marriage pursuant to State community property laws. Since the field had been pre-empted, argued the respondent, the trial court had no jurisdiction to enter that part of the decree which awarded the petitioner 45% of the respondent's pension. The respondent's motion to vacate was denied, and he appealed.

While the parties raise several issues in their briefs, essentially these issues can be merged into the primary one around which the others resolve. The issue is whether the decision of *McCarty v. McCarty* (1981), 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728, is to be given retroactive application to a final judgment rendered before *McCarty* was decided on June 26, 1981. The retroactive effect of *McCarty* turns on whether the prior judgment was void for want of subject matter jurisdiction.

The parties have conflicting views as to the nature and validity of their "stipulation agreement" adopted by the court in the April 14, 1980, order. The stipulation, whether an agreement by the parties to accept the terms of the property settlement, or merely a correction of the property settlement's language, is a modification of the supplementary judgment. As a modification, its validity rests on whether the initial division of the military retirement pension as marital property was void, regardless of the percentage amount of that division. In our consideration of the validity of the supplementary judgment, we incorporate by reference to that judgment the April 14, 1980, order.

It does not appear from the record that the respondent filed his motion to vacate the April 14, 1980, order pursuant to section 72 (Ill. Rev. Stat. 1979, ch. 110, par. 72). Nor is it clear whether the trial court entertained the motion in the nature of a section 72 petition. However, no issue was raised in this area. Therefore, we assume that the trial court considered the motion in light of section 72, and we examine only the trial court's denial of the motion.

In *McCarty v. McCarty* (1981), 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728, the Supreme Court found that military nondisability retirement pay was not subject to division pursuant to State community property laws upon dissolution of marriage. The court concluded that the application of State community property laws to military retirement pay threatened Federal interests. Under the supremacy clause then, the States were precluded from dividing it as such.

Recently, the Illinois Supreme Court adopted the *McCarty* ruling and held that a State court could not divide military nondisability retirement pay according to State law in a dissolution of marriage proceeding. (*In re Marriage of Musser* (1981), 87 Ill. 2d 68, 429 N.E.2d 530.) However, *Musser* and other Illinois cases adopting the *McCarty* ruling (*In re*

*Marriage of Smith* (1981), 102 Ill. App. 3d 769, 430 N.E.2d 364 (leave to appeal pending); *In re Marriage of Meyer* (1981), 103 Ill. App. 3d 44, 430 N.E.2d 610) have involved direct appeals from the dissolution judgment. Unlike these cases or *McCarty*, the instant appeal concerns a final judgment wherein no timely appeal was taken. Since *McCarty* did not discuss its applicability to final judgments of this nature, we are left to determine whether *McCarty* nullifies past judgments which divided military non-disability retirement pay according to State law.

■■ In our consideration of the issue herein, we are guided by the doctrine of *res judicata*. That doctrine establishes that a final judgment settles not only the issues actually litigated in a proceeding, but also any issues that could have been litigated in the proceeding. (*Federated Department Stores, Inc. v. Moitie* (1981), 452 U.S. 394, 69 L. Ed. 2d 103, 101 S. Ct. 2424.) However, the *res judicata* consequences will not be applied where the judgment is void. A void judgment is one which, from its inception, is a complete nullity and without legal effect. *Lubben v. Selective Service System Local Board No. 27* (1st Cir. 1972), 453 F.2d 645.

■■ The absence of subject matter jurisdiction renders a judgment void. (*Kelly v. Kelly* (1982), 105 Ill. App. 3d 136, 434 N.E.2d 55 (leave to appeal pending).) In the interest of finality of judgments, such a finding is narrowly construed. Only in the case of a clear usurpation of power by the court will a judgment be rendered void for want of jurisdiction. *Lubben v. Selective Service System Local Board No. 27* (1st Cir. 1972), 453 F.2d 645.

■■ The general rule that the finality of judgments is not subject to collateral attack *may* yield to overriding considerations such as Federal pre-emption. (*Kalb v. Feuerstein* (1940), 308 U.S. 433, 84 L. Ed. 370, 60 S. Ct. 343; *Ex parte Buckhanan* (Tex. App. 1981), 626 S.W.2d 65, 68 n.4.) The doctrine of Federal pre-emption *may* be controlling in some cases to render a judgment void by removing jurisdiction from the court. (*Durfee v. Duke* (1963), 375 U.S. 106, 11 L. Ed. 2d 186, 84 S. Ct. 242.) However, in the absence of overriding considerations, the judgment may be erroneous but not void.

■■ The *res judicata* consequences of a final unappealed judgment are not altered by the fact that the judgment may have been wrong or rested on legal principles later overruled in another case. (*Federated Department Stores, Inc. v. Moitie* (1981), 452 U.S. 394, 398, 69 L. Ed. 2d 103, 108-09, 101 S. Ct. 2424, 2427.) While *McCarty* decided that the States were precluded from applying State community property laws to military nondisability retirement pensions, it did not find, nor even suggest, that prior, valid State court judgments were invalid and unenforceable as a result. In the absence of such intention, we are lead to the conclusion that prior final judgments are not void for lack of jurisdiction.

There is a difference of opinion in other jurisdictions whether

*McCarty* is retroactive and renders void prior, final judgments. California, which long held that military retirement benefits were community property, has adopted *McCarty* with some reluctance. (*In re Marriage of Jacanin* (1981), 124 Cal. App. 3d 67, 177 Cal. Rptr. 86.) The court of appeals for the fourth district, however, would not apply *McCarty* retroactively without a clear indication to do so. (*In re Marriage of Sheldon* (1981), 124 Cal. App. 3d 371, 177 Cal. Rptr. 380.) In *Sheldon*, the court analyzed the question of retroactive application to final judgments under the three factors set out in *Chevron Oil Co. v. Huson* (1971), 404 U.S. 97, 30 L. Ed. 2d 296, 92 S. Ct. 349. Under those principles, the California court determined that (a) *McCarty* overruled a long line of California Supreme Court cases which had definitely spoken on the issue; (b) the rationale underlying *McCarty* did not mandate a retrospective operation; and (c) the potential for injustice and hardship caused by a retroactive application was too great. Based on those conclusions, *McCarty* would not be applied to judgments which were final before its ruling.

The United States Court of Appeals for the Fifth Circuit also decided that *McCarty* would not be given a retroactive application. (*Erspan v. Badgett* (5th Cir. 1981), 659 F.2d 26, *cert. denied* (1982), 50 U.S.L.W. 3669.) The "defendant" in *Erspan* was originally in Federal court on the issue of whether his discharge in bankruptcy affected a 1963 divorce decree and property settlement which awarded his former spouse an interest in his military retirement benefits. During the pendency of a rehearing request, *McCarty* was announced. The "defendant" requested the Fifth Circuit to reverse the 1963 property settlement decree in light of the recent Supreme Court decision.

The court in *Erspan* refused to apply *McCarty* retroactively without an indication of intent to do so by the Supreme Court. Reasoning that the principles of *res judicata* were not displaced by the later Supreme Court decision, the "defendant" was barred from litigating issues which could have been litigated in the Texas court divorce proceeding. Therefore, the issue was not properly before the court, and the suggestion for rehearing *en banc* was denied.

Subsequent to *Erspan*, the Fifth Circuit again refused to apply *McCarty* retroactively in the absence of a definite holding by a Texas court on the issue. (*Wilson v. Wilson* (5th Cir. 1982), 667 F.2d 497, 498 n.2.) It relied on *res judicata* to bar the suit.

In the time between *Erspan* and *Wilson*, there had been Texas court decisions which involved the *McCarty* ruling. In *Ex parte Buckhanan* (Tex. App. 1981), 626 S.W.2d 65, the "relator" was jailed for contempt for failure to pay his former spouse her interest in his military retirement pay pursuant to a 1977 divorce decree. He applied for relief to the court on a writ of habeas corpus. The court relied upon its earlier decision of *Ex*

*parte Johnson* (Tex. 1979), 591 S.W.2d 453, wherein it was decided that a State court could not enforce by means of contempt an order which divided Veterans Administration disability benefits as community property. The *Buckhanan* court concluded that implicit in the *Johnson* ruling was a finding that the district court's judgment was void. Based on the *McCarty* decision that the district court's power to divide military retirement benefits pursuant to State community property laws was preempted, the supremacy clause prevented the enforcement of that part of the 1977 decree pertaining to Buckhanan's military pension. He was ordered discharged. See also *Ex parte Acree* (Tex. App. 1981), 623 S.W.2d 810.

The Texas Supreme Court sidestepped the issue of retroactivity and the *Erspan* decision by distinguishing the facts of *Trahan v. Trahan* (Tex. 1981), 626 S.W.2d 485, from the facts in *Erspan*. Unlike *Erspan*, the military retirement benefits were not divided at the time the Trahans were divorced, so that the case was not within the *Erspan* holding of the Fifth Circuit. The Texas Supreme Court did not comment on the *Erspan* decision but stated that *res judicata* was inapplicable to *Trahan* because there had been no final adjudication of the matter.

In view of the principles of *res judicata* and the reasoning heretofore discussed in this opinion, the October 5, 1979, supplementary judgment in the instant case was not void because of a lack of jurisdiction to enter it. While the subsequent decision of *McCarty* may have demonstrated that the 1979 judgment was erroneous, it did not render the judgment void. Not being void, the doctrine of *res judicata* prevents the respondent from raising issues which could have been litigated in that proceeding. Indeed, it appears the issue was actually raised but thereafter abandoned pursuant to the appellant's stipulation and dismissal of his appeal.

Nor should we allow the *res judicata* consequences to be denied effect. There are no overriding considerations to impede its application. The rationale underlying *McCarty*, providing for retirees and meeting the personnel management needs of the active armed forces, does not mandate a retroactive application. And, finally, the potential for injustice and hardship to the former spouse and family members that would be caused by a retroactive application is too great. *Chevron Oil Co. v. Huson* (1971), 404 U.S. 97, 30 L. Ed. 2d 296, 92 S. Ct. 349; *Douglas-Guardian Warehouse Corp. v. Posey* (10th Cir. 1973), 486 F.2d 739.

Based on the above reasoning, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

ALLOY and HEIPLE, JJ., concur.