*In re* MARRIAGE OF SUSAN T. DOOLEY, Petitioner-Appellee, and GEORGE E. DOOLEY, Respondent-Appellant.

Second District   No. 2—84—0416

Opinion filed October 8, 1985.

Terrence J. Benshoof, Beverly A. Pekala, and Rafael L. Garces, all of William S. Grotefeld & Associates, P.C., of Chicago, for appellant.

Eva Schwartzman, of Libertyville, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Respondent, George Dooley (the husband), appeals from those portions of the judgment of dissolution of his marriage to petitioner, Susan T. Dooley (the wife), which distributed their property and awarded maintenance and attorney fees to the wife. He contends the trial court erred (1) in finding the husband's military retirement pension was marital property; (2) in awarding maintenance which he must satisfy from his claimed nonmarital pension proceeds; and (3) in requiring him to contribute towards the wife's attorney fees.

The wife's petition for dissolution of the marriage of 21 years was granted after an uncontested hearing held March 5, 1984. At that time both parties were 43 years old and two children had been born of the marriage: a daughter, age 15, and a son, age 18, who attended college. The couple had been married in Seoul, Korea, and the wife, who is of Korean descent, but a United States citizen, required an interpreter at the dissolution hearing; the husband was a retired officer of the United States Army.

The husband testified at the subsequent contested property hearing that he received an annual retirement pension of $18,000 from the army which would continue until his death, unless he resigned his commission. He was presently employed as treasurer for St. John's Military Academy, for which he received an annual salary of $25,000, and he stated his monthly living expenses were $825. Actuarial evidence suggested the husband's life expectancy to then be 30.8 years.

The wife testified she worked part-time at a Sears store for 15 hours each week as a clerk and also had a second part-time job in the kitchen of a Red Lobster restaurant; in 1983, she earned a total net income of $10,516.05 from the two positions. She testified her monthly expenses were $1,254.60 which included food, utilities, medical, mortgage payments, car expense, clothing for herself and the

daughter, school supplies, taxes and recreation. The wife had a grade school education and no work experience other than her present positions.

The trial court found that the husband's military pension was marital property, but awarded it solely to him. He also received $36,000 from the sale of a house in Illinois. The wife was awarded a house in Georgia having an equity of $32,000 and $26,000 from the sale of the Illinois house. In addition, the trial court awarded custody of the 15-year-old daughter to the wife and directed the husband to pay $95 per week for the child's support until she reaches age 18, or is otherwise emancipated. The husband was also ordered to pay up to $3,000 each year in the remaining three years of college of the son.

The trial court made findings that the wife lacked sufficient property, including marital property awarded and income from employment, to provide for her reasonable needs and directed the husband to pay $400 each month to her as maintenance for a period of 15 years. The judge noted that he did not apportion the military pension received by the husband, found to be marital property, as the court considered that covered within the maintenance award. The court further determined that the husband should contribute $2,800 towards the $3,910 in attorney fees due to the wife's counsel.

■■ The husband contends first that his military retirement pension was not marital property and the trial court thus lacked authority to award a proportionate share therein to the wife, either directly or indirectly.

It has been recognized that a marital property interest may be found in the retirement benefits of a spouse, where such benefits were earned or acquired during the marriage. This will generally obtain whether the pension is vested or nonvested, or whether the employee-spouse was required to contribute to the retirement plan. (*In re Marriage of Wisniewski* (1982), 107 Ill. App. 3d 711, 437 N.E.2d 1300; *In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 658-59, 397 N.E.2d 511; *In re Marriage of Pieper* (1979), 79 Ill. App. 3d 835, 840, 398 N.E.2d 868; *In re Marriage of Donley* (1980), 83 Ill. App. 3d 367, 369, 403 N.E.2d 1337; see *In re Marriage of Korper* (1985), 131 Ill. App. 3d 753, 757, 475 N.E.2d 1333.) The nonemployed spouse's interest in the pension benefits of the other spouse was specifically applied to military retirement benefits by the court in *In re Marriage of Musser* (1979), 70 Ill. App. 3d 706, 388 N.E.2d 1289 (*Musser* I).

In 1981, however, the United States Supreme Court in *McCarty v. McCarty* (1981), 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728, determined that Federal law precluded division of nondisability mili-

tary pensions in dissolution proceedings held under State law. (453 U.S. 210, 232, 69 L. Ed. 2d 589, 605, 101 S. Ct. 2728, 2730.) Shortly after *McCarty* was decided the Illinois Supreme Court considered an appeal in *In re Marriage of Musser* (1981), 87 Ill. 2d 68, 429 N.E.2d 530 (*Musser* II), and overruled the appellate court's earlier holding that a military pension is marital property to be divided between spouses. Our supreme court did not, however, consider the merits of the question, but merely applied the *McCarty* decision of the United States Supreme Court which had interpreted Federal statutes. The husband relies upon *Musser* II and *McCarty* in support of his argument a military retirement pension is not marital property and also upon decisions of the appellate court which have followed those cases. See *In re Marriage of Hapaniewski* (1982), 107 Ill. App. 3d 848, 438 N.E.2d 466; *In re Marriage of Smith* (1981), 102 Ill. App. 3d 769, 430 N.E.2d 364; *In re Marriage of Meyer* (1981), 103 Ill. App. 3d 44, 430 N.E.2d 610.

The wife notes that following the decision in *McCarty v. McCarty*, Congress enacted the Uniformed Services Former Spouses' Protection Act (Pub. L. No. 97—252, 96 Stat. 718, 730-38 (1982)), as a response to *McCarty* to permit courts to treat retirement pay of military personnel in accordance with the law of the jurisdiction of the court. In *In re Marriage of Korper* (1985), 131 Ill. App. 3d 753, 755-57, 475 N.E.2d 1333, the reviewing court concluded that Illinois courts were thus free to apply the law relating to military pensions as marital property as it existed prior to *In re Marriage of Musser* (1981), 87 Ill. 2d 68, 70, 429 N.E.2d 530 (*Musser* II).

We agree with the sound reasoning of the court in *Korper* and conclude that a marital property interest may now be again recognized in retirement benefits from a military pension as earlier stated in *Musser* I. (*In re Marriage of Musser* (1979), 70 Ill. App. 3d 706, 388 N.E.2d 1289; see, *e.g., Walentowski v. Walentowski* (1983), 100 N.M. 484, 672 P.2d 657; *In re Marriage of Frederick* (1983), 141 Cal. App. 3d 876, 190 Cal. Rptr. 588; *In re Marriage of Steczo* (1983), 135 Ariz. 199, 659 P.2d 1344.) We also find that is the better rule and are not persuaded by the husband's arguments that a military pension should always be treated as nonmarital property.

■ Although the essential issues raised by the husband relating to his pension are answered by the finding it is marital property, that does not resolve the question of its allocation between the parties. The trial court did not directly apportion the annual $18,000 retirement pension between the parties, but appears to have indirectly done so by means of the award of $400 in monthly maintenance to the wife

for a period of 15 years. If the court intended all of that award to be payment of the wife's share of the pension in the future, she was, in a sense, allocated $4,800 per year to that end which could accrue to $72,000 in 15 years. If, as seems most likely in view of the court's comments, the wife was also entitled to some amount as traditional maintenance, regardless of her share of the pension, then it cannot be determined from the record how much was awarded as maintenance and how much as a division of the pension. An award of maintenance is, of course, subject to the requirements of section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 510(a)) and the continuing jurisdiction of the court; that Act also requires that the marital property of the parties be divided between them in "just proportions" (Ill. Rev. Stat. 1983, ch. 40, par. 503(a)) and is considered to be a final disposition of their respective interests therein. The commingling of these separate matters by the trial court in an effort to fairly resolve the interests of the parties does not appear here to have taken into account all necessary factors.

No evidence was presented in trial of the present value of the husband's military retirement pension, if it has any, and the accommodation made with the maintenance awarded to the wife to balance the award of all the retirement pay to the husband is difficult to evaluate. (Compare *In re Marriage of Evans* (1981), 85 Ill. 2d 523, 529, 426 N.E.2d 854.) In her brief the wife suggests the husband was, in effect, thus awarded $564,400; she simply multiplies the $18,000 per year by his projected life expectancy of 30.8 years. The husband responds only that such retirement payments should not be considered marital property at all, noting military retirement pay has no cash surrender value, loan or redemption value, lump sum payment value nor does it continue after death.

There is presented here a difficult and evolving problem of the proper allocation or disposition of pension and military retirement pay between spouses on dissolution of the marriage. We do not consider that this matter was fully presented to the trial court and are here unable to substantiate from the record that the award of maintenance and allocation of the retirement pension meet all of the requirements of the Illinois Marriage and Dissolution of Marriage Act. We conclude the judgment distributing the marital property of the parties and awarding maintenance in the amount and for the term ordered must be reconsidered by the trial court. As the award of attorney fees may be affected thereby, it also will be reversed for reconsideration.

In reaching our decision in this matter we have considered the evaluations of the courts in *In re Marriage of Fairchild* (1982), 110

Ill. App. 3d 470, 472-76, 442 N.E.2d 557, and *In re Marriage of Korper* (1985), 131 Ill. App. 3d 753, 757-61, 475 N.E.2d 1333, which ably discuss the so-called "immediate offset" and "reserved jurisdiction" approaches taken in considering disposition of pensions as marital property. We consider, as did the court in *Korper*, that the usual military retirement payments which have been found to be marital property should be allocated as they are received by the retired spouse, *i.e.*, the "reserved jurisdiction" method, and direct the trial court to do so in this case.

Accordingly, those portions of the judgment of the circuit court from which this appeal is taken will be reversed and the cause remanded for further consideration.

Reversed and remanded with directions.

LINDBERG and SCHNAKE, JJ., concur.