REBECCA OTTWELL, now WULF, Petitioner-Appellant, v. HERBERT OTTWELL, Respondent-Appellee.

Fifth District No. 5—87—0577

Opinion filed April 15, 1988.

R. Michael Fischer, of Alton, for appellant.

No brief filed for appellee.

JUSTICE LEWIS delivered the opinion of the court:

This appeal is from an order entered on June 24, 1987, denying a petition under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) filed by Rebecca Ottwell, now

Wulf (hereinafter petitioner). The petition asked that the circuit court vacate its order entered on December 13, 1985, as that order was entered by mistake as to the amount that Herbert Ottwell (hereinafter respondent) was in arrears in child support and because that order was entered after a hearing was conducted without serving notice on petitioner and in which she did not participate. The petition also challenged other orders entered by the circuit court which modified her rights to past-due and future child support payments.

■ It should be noted that respondent has failed to file a brief in this cause in accordance with Supreme Court Rule 341 (107 Ill. 2d R. 341). This court may, in its sound discretion, reverse for failure of respondent to comply with the supreme court rule or determine a case on its merits. (*Altman v. Altman* (1974), 22 Ill. App. 3d 420, 318 N.E.2d 61.) "This court is not obligated to act as an advocate or search the record to affirm the judgment of the trial court; however, a considered judgment should not be set aside without some consideration of the merits of the appeal." (*Sostak v. Sostak* (1983), 113 Ill. App. 3d 954, 957, 447 N.E.2d 1345, 1347.) Since the petitioner's brief and the record in this case are sufficient to make a determination of the issues presented, we have exercised our discretion and considered the merits of this case even absent the benefit of respondent's brief.

On appeal, petitioner contends that the circuit court's order of June 24, 1987, denying petitioner's petition to vacate was manifestly erroneous as the evidence demonstrated that the circuit court improperly reduced petitioner's past-due child support. She also contends that any orders entered between respondent and the Illinois Department of Public Aid (IDPA) were not *res judicata* as to petitioner's rights for past-due child support. In conjunction with this issue, petitioner argues that the State's Attorney who presented a petition for citation on behalf of IDPA was not her attorney and that any agreements concerning her rights to child support entered between respondent and the State's Attorney were not binding on her. Petitioner claims that the orders that suspended respondent's child support payments and the orders entered by the circuit court on December 13, 1985, and October 6, 1986, are void as no petition to modify the divorce decree was filed and as no notice of the hearings was served on petitioner. Petitioner lastly contends that the full amount of respondent's arrearage of child support should be $16,464.

The first issue to be considered is petitioner's contention that the circuit court's orders as to her rights to child support were void, as no notice of the hearings wherein the circuit court reduced or modified her rights to child support was served on her and because the cir-

cuit court considered her rights to past-due and future child support without a petition to modify before it. By determining this issue, petitioner's remaining issues will be resolved.

The following facts are necessary to the disposition of this appeal. Petitioner and respondent were married on January 20, 1968. Three children, Patrick Wade Ottwell, Lisa Lynn Ottwell, and Lori Sue Ottwell, were born as a result of that marriage. On July 15, 1976, petitioner and respondent were divorced. As part of the divorce decree, a stipulation was entered with regard to the marital property, with regard to the minor children's custody, and with regard to child support. This stipulation provided that petitioner was to have custody of the three minor children and that respondent was to pay child support in the amount of $75 per child per month. This total monthly child support of $225 was to be paid in semi-monthly installments of $112.50.

From July 1976 until January 1982, numerous petitions were filed and orders entered, none of which are pertinent to this appeal. However, on January 27, 1982, the circuit court entered an order, pursuant to a petition to modify filed by petitioner, in which the circuit court increased respondent's child support payments from $75 to $100 per child per month or a total of $300 per month instead of $225 per month.

Subsequently, on November 28, 1983, a petition for leave to intervene was filed by the Madison County State's Attorney on behalf of the Illinois Department of Public Aid (IDPA). This petition stated that petitioner was a recipient of Aid to Dependent Children (ADC) for her minor children and as a result of her receiving financial aid from ADC and pursuant to section 10—1 of the Illinois Public Aid Code (Ill. Rev. Stat. 1981, ch: 23, par. 10—1), she had assigned her rights to receive child support payments to the IDPA. This petition also stated that IDPA's intervention would not prejudice the rights of the original parties in this cause. Attached to the petition to intervene was a petition for citation which alleged that respondent was in arrears in his child support in the amount of $1,250.

A hearing on IDPA's petition for citation was held on January 20, 1984. The record reflects that written notice of the hearing was sent to the assistant State's Attorney and to respondent but not to petitioner. The order entered by the circuit court on January 20, 1984, was a form order upon which several boxes were checked. One of the boxes marked indicated that respondent was unemployed and had no source of income and that respondent's support payments were to be temporarily halted. The order further provided that the matter would

be set for a rehearing three months hence.

A review hearing on IDPA's petition for citation was held on April 27, 1984. Written notice for this hearing reflected that notice was sent to respondent and to the assistant State's Attorney but not to petitioner. However, petitioner admitted that she was present at that hearing. The order entered on that date reflected that she advised the court that she was no longer receiving public aid for her three children. This order entered on April 27, 1984, indicated that respondent was now self-employed but that he had not yet received any income from his work. The order ordered that respondent's support payments remain temporarily suspended. It was also ordered that this cause was to be set for a review hearing on May 25, 1984.

At the review hearing on May 25, 1984, an order was entered that reflected that respondent's child support was to be reinstated in the amount of $150 per month and that the support payments were to be paid to petitioner. This order also held that respondent was in arrears for child support in the amount of $1,850. The form order stated that due notice was given in this cause, but no written notice of this hearing appears in the record. However, the order was signed by both petitioner and respondent. Again, this order reflected that this matter was to be reset for a review hearing on October 26, 1984.

Another review hearing on IDPA's original petition for citation was held on October 26, 1984. The form order entered on October 26, 1984, reflected that respondent was unemployed and that he had no source of income. Respondent was ordered to continue to seek employment. A review hearing was ordered set for January 18, 1985. The record does not reveal that notice was sent to the petitioner regarding this October 26, 1984, hearing nor does the order entered on October 26, 1984, show that petitioner was present.

The order entered on January 18, 1985, revealed that respondent failed to appear and that a body attachment was issued against respondent with a bond of $250 set. The record does not contain any written notice for this January 18, 1985, hearing. The order of this date stated that petitioner need not appear at the next hearing date.

The record next revealed that a notice of hearing was sent to respondent and the State's Attorney regarding a review hearing set for April 19, 1985. A hearing was held on this date, and the form order entered on April 19, 1985, indicated that respondent remained unemployed and that he was to look for work and keep records of his employment search. A review hearing was set for July 19, 1985. The record does not reflect that petitioner was present at this April 19, 1985, hearing.

A subsequent order entered on July 19, 1985, was identical to the order entered on April 19, 1985. The record fails to disclose that a notice of the July 19, 1985, hearing was sent to petitioner. This order set this cause for a review hearing on December 6, 1985.

A December 6, 1985, order reflected that respondent failed to appear and a body attachment was issued against him with bond set in the amount of $500.

A notice of a December 13, 1985, hearing was sent to respondent and to the State's Attorney but not to petitioner. A transcript of this hearing was not included in the record, just as there were not any transcripts of the previous hearings provided. The order entered on December 13, 1985, held that respondent remained unemployed and that he had no source of income. This order provided that respondent's child support remained temporarily suspended even though no previous order reinstating the suspension of respondent's child support payments was entered. The circuit court held that respondent was in arrears in his child support payments in the amount of $2,600 and that judgment for this amount was entered for IDPA. The order does not reflect that petitioner was present at this hearing. A review hearing regarding respondent's arrearages for child support was set for April 18, 1986.

The next document to appear in the record was a notice of a hearing set for April 15, 1986, at which respondent's support and arrearage payments were to be considered. A notice of this hearing was not sent to petitioner. According to the order entered on April 15, 1986, respondent remained unemployed and he had no source of income. The cause was again reset for a review hearing six months hence.

Three additional orders were subsequently entered by the circuit court after April 15, 1986. The order entered on October 6, 1986, indicated that the circuit court's order of December 13, 1985, was amended to reflect that the judgment of $2,600 previously entered for IDPA and against respondent was now to be divided between petitioner and IDPA in the amount of $1,080 and $1,520, respectively. This order of October 6, 1986, reflected that it was approved by attorney Michael Fischer for petitioner. No notice of hearing for October 6, 1986, appeared in the record.

A notice of a review hearing to be held on October 21, 1986, was sent to respondent and to the State's Attorney but not to petitioner. The order entered on October 21, 1986, indicated that respondent was unemployed and that he had no source of income. This form order held respondent to be in arrears on child support payments in the amount of $1,520, and judgment was entered against respondent and

for IDPA in this amount. This order reflected that petitioner had private counsel to represent her and that a copy of the order was to be sent to petitioner's attorney. This order of October 21, 1986, set a review hearing for February 17, 1987.

A notice of hearing was sent to respondent, petitioner's attorney and the State's Attorney for the review hearing of February 17, 1987. The order entered on February 17, 1987, held that the evidence showed that respondent did not have regular employment but that he did possess assets. Therefore, the circuit court reinstated respondent's child support payments to petitioner in the amount of $50 per month commencing on April 1, 1987.

On February 27, 1987, petitioner filed a petition under section 2—1401 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). This petition challenged the circuit court's judgment entered on December 13, 1985, in which the circuit court held that respondent owed past-due child support in the amount of $2,600 to IDPA and which was subsequently amended on October 6, 1986, to reflect that petitioner was owed $1,080 in past-due support and that IDPA was owed $1,520 in past-due child support. The petition stated that the correct amount of past-due child support owed by respondent on December 13, 1985, was $12,300 and not $2,600. Further, petitioner alleged that she was not given notice of the December 13, 1985, hearing and that she did not participate in that hearing. She also alleged that the judgments suspending respondent's child support payments were entered based on fraudulent information provided by respondent. She asked that the circuit court vacate the December 13, 1985, judgment and that the circuit court enter a judgment for $16,500, the current amount of past-due child support owed by respondent, minus the $1,520 judgment owed IDPA.

A hearing on petitioner's petition was held on May 5, 1987. The order entered on that date reflected that respondent appeared without counsel and that the circuit court continued this cause so that respondent would have an opportunity to consult with an attorney. The petition was subsequently heard on June 24, 1987. On that date, testimony was presented. The evidence at that hearing demonstrated that petitioner was not given notice of the December 13, 1985, hearing and that the petition for citation considered on December 13, 1985, was brought by the State's Attorney on IDPA's behalf and was not brought by her. The assistant State's Attorney agreed with petitioner's counsel that the interests of IDPA and of petitioner did not coincide. Petitioner testified that she did not ask the State's Attorney to represent her. Respondent admitted that he had only paid $136 in

child support since 1982.

After hearing the testimony, the circuit court held that its order of December 13, 1985, was valid as the circuit court had jurisdiction of the subject matter and of the parties and denied petitioner's petition. Petitioner filed a post-trial motion which alleged that the circuit court erroneously suspended respondent's child support payments as there was no evidence presented proving that a substantial change of circumstances materially affecting the welfare of the minor children had occurred, that the circuit court abolished petitioner's vested right to past-due child support without a proper petition before it and without due process of law. The circuit court denied petitioner's post-trial motion on August 4, 1987.

Petitioner's contention on appeal is that, because she was not given written notice of the various hearings, any orders entered by the circuit court were void as against her rights for past-due child support. Further, she also argues that her child support payments were improperly modified by the circuit court as a petition to modify support payments was not before it. We agree.

■■■ A circuit court's jurisdiction in a dissolution of marriage action is conferred only by statute. It may not rely upon general equity powers. Thus "a court must exercise its authority only within the limits conferred by statute." (*Rodgers v. Rodgers* (1983), 118 Ill. App. 3d 334, 335, 454 N.E.2d 1153, 1154.) Section 511 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 511) provides the procedure for modification of child support. That section provides in pertinent part:

"Sec. 511. Procedure. A judgment of dissolution or of legal separation or of declaration of invalidity of marriage may be enforced or modified by order of court pursuant to petition.

(a) Any judgment entered within this State may be enforced or modified in the judicial circuit wherein such judgment was entered or last modified by the filing of a petition with notice mailed to the respondent at his last known address, or by the issuance of summons to the respondent." (Ill. Rev. Stat. 1985, ch. 40, par. 511.)

From this statute it is apparent that, in order for a circuit court to have jurisdiction of the subject matter and of the parties, it is necessary that a petition for modification of a divorce decree regarding child support be filed to invoke subject matter jurisdiction and that notice be mailed to the respondent of the petition. In this case, none of the hearings conducted after November 1983 were pursuant to a petition for modification of child support. The only petition pending

before the circuit court was a petition for citation filed by the State's Attorney on behalf of IDPA in which it was alleged that respondent was in arrears in his child support. Respondent did not file an answer to this petition and he did not file a counterpetition requesting the circuit court to reduce or suspend his child support payments. IDPA's petition for citation filed by the State's Attorney was insufficient to put petitioner on notice that her rights to child support were to be considered at the hearing and did not provide petitioner with an opportunity to litigate this issue. The circuit court apparently suspended and reduced petitioner's rights to past-due and to future child support payments unilaterally. Without a petition to modify child support on file, the circuit court's subject matter jurisdiction was not invoked, and the orders entered with regard to petitioner's rights to child support were void. (*In re Marriage of Allcock* (1982), 107 Ill. App. 3d 150, 437 N.E.2d 392.) Therefore we reverse the circuit court's order denying petitioner's petition to vacate the circuit court's previous orders and remand this cause to the circuit court for determination of the amount of past-due child support owed petitioner in accordance with this opinion.

Petitioner has raised the issue that she was not served notice of the hearings at which her rights to child support were modified, and the record supports her assertion. Because her substantial rights were affected at these various hearings, it would have been proper for her to be served with notice. However, because we have determined that the circuit court's orders were void, as it lacked subject matter jurisdiction, no further discussion of lack of notice is necessary.

■■ Petitioner's contention that she has a vested right in past-due child support is incontrovertible. It is well established that past-due child support payments are a vested right of a recipient and that the payments already accrued are not subject to reduction either as to amount or time of payment. (*Hoos v. Hoos* (1980), 86 Ill. App. 3d 817, 408 N.E.2d 752.) While it appears that the circuit court reduced petitioner's past-due child support payments already accrued, by orders improperly entered, this issue is resolved by our determination that the orders entered by the circuit court without a petition to modify before it were void.

■■ ■ With regard to petitioner's contention that the orders entered between respondent and IDPA are not *res judicata* as to her rights on past-due child support, this issue is likewise resolved by our previous determination that the circuit court's orders entered were void as to petitioner. *Res judicata* is not applicable where a judgment is void. (*In re Marriage of Allcock* (1982), 107 Ill. App. 3d 150.) Nor

need we be troubled by the two-year statute of limitations for challenging an order imposed by section 2—1401. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401.) A void judgment may be attacked at any time. *Pennington v. Pennington* (1975), 27 Ill. App. 3d 344, 326 N.E.2d 431.

■ We need not consider petitioner's contention that the State's Attorney did not represent her interests at the hearings where the State's Attorney appeared on behalf of IDPA. Since we have already determined that the orders entered by the circuit court modifying petitioner's rights to child support were void as to her past-due support payments and to her future support payments, this determination renders this issue moot.

For the foregoing reasons, we reverse the order denying petitioner's petition to vacate entered by the circuit court of Madison County and remand this cause for a rehearing in accordance with this opinion.

Reversed and remanded.

HARRISON, P.J., and CALVO, J., concur.