ANNE JACHIM, Special Adm'r of the Estate of Michelle Jachim, Deceased, Plaintiff-Appellant, v. SUSAN M. TOWNSLEY, Defendant-Appellee (Dian J. Zeemin *et al.*, Defendants).

Second District   No. 2—92—0902

Opinion filed August 30, 1993.

Terence J. Mahoney, of Walsh, Neville, Pappas & Mahoney, of Chicago, for appellant.

Steven L. Larson and John W. Barbian, both of Wildman, Harrold, Allen & Dixon, of Waukegan, for appellee.

JUSTICE QUETSCH delivered the opinion of the court:

On March 25, 1991, the plaintiff, Anne Jachim, filed this action against the defendant, Susan M. Townsley, and other persons not parties to this appeal to recover damages incurred when Michelle Jachim, the minor daughter of the plaintiff, was killed in an automobile accident. Count III of the plaintiff's first amended complaint charged defendant Townsley with negligence and with violation of section 6—16(a) of the Liquor Control Act of 1934 (the Dramshop Act) (235 ILCS 5/6—16 (West 1992)). On July 25, 1991, the trial court dismissed the cause of action against the defendant pursuant to section 2—615 of the Code of Civil Procedure. (735 ILCS 5/2—615 (West 1992).) On March 19, 1992, the plaintiff filed a fourth amended complaint in which count IV again named the defendant as a party to the action. On June 29, 1992, the trial court ruled that count IV was barred by *res judicata,* and it entered a dismissal order pursuant to section 2—619(a)(4) of the Code of Civil Procedure. (735 ILCS 5/2—619(a)(4) (West 1992).) The court also denied the plaintiff's section 2—1401 petition of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)) for relief from the July 25, 1991, dismissal order. The plaintiff appeals the court's order dismissing count IV of her fourth amended complaint and denying her section 2—1401 petition for relief. We affirm.

In count III of her amended complaint, the plaintiff alleged that Michelle Jachim was killed in an automobile accident which occurred while she was a passenger in a motor vehicle driven by David Duff, a minor. The accident happened after Duff left a birthday party held at the defendant's home. The plaintiff complained that the defendant acted negligently when she served Duff alcohol at the birthday party and allowed Duff to become intoxicated and leave the party in a motor vehicle. The plaintiff also complained that the defendant's actions violated section 6—16(a) of the Dramshop Act (235 ILCS 5/6—16

(West 1992)), which prohibits the sale or delivery of alcoholic liquor to persons under the age of 21 years.

The defendant filed a section 2—615 motion to dismiss, arguing that Illinois does not recognize a common-law cause of action in negligence for selling alcohol to minors. (*Coulter v. Swearingen* (1983), 113 Ill. App. 3d 650.) Further, as an uncompensated social host, she was not subject to liability under the Dramshop Act. (*Heldt v. Brei* (1983), 118 Ill. App. 3d 798, 800.) On July 25, 1991, the trial court dismissed with prejudice the cause of action against the defendant and ruled that there was no just reason to delay enforcement or appeal. The plaintiff did not appeal the court's dismissal order.

■ On December 19, 1991, the Appellate Court, First District, filed *Cravens v. Inman* (1991), 223 Ill. App. 3d 1059, in which it recognized social host negligence liability for automobile accident injuries caused by an intoxicated minor driver. The court limited its holding to the facts alleged in the plaintiff's pleading, where:

"(1) a social host has knowingly served alcohol, and permits the liquor to be served, to youths under 18 years of age at the social host's residence, (2) the social host permits the minors' consumption to continue to the point of intoxication, and (3) the social host allows the inebriated minors to depart from the residence in a motor vehicle." *Cravens*, 223 Ill. App. 3d at 1076.

On March 19, 1992, the plaintiff in this case filed her fourth amended complaint. In count IV of that complaint, the plaintiff cited the *Cravens* holding and again sought to recover damages from the defendant under the theory of social host negligence liability. The defendant filed a motion to dismiss pursuant to section 2—619(a)(4), which provides for involuntary dismissal when a cause of action is barred by a prior judgment. 735 ILCS 5/2—619(a)(4) (West 1992).

Prior to the court's ruling on the defendant's section 2—619(a)(4) motion to dismiss, the plaintiff joined in a section 2—1401 petition for relief from the July 25, 1991, dismissal order. The plaintiff argued that the facts of this case and *Cravens* are identical and that the court should therefore vacate its dismissal order.

On June 29, 1992, the trial court ruled that its July 25, 1991, dismissal order was *res judicata* and also that *Cravens* was not controlling in the second district. The court granted the defendant's section 2—619(a)(4) motion to dismiss and denied the plaintiff's section 2—1401 petition for relief. The plaintiff appeals.

The plaintiff first contends that the trial court erred in ruling that *res judicata* bars count IV of her fourth amended complaint. The doc-

trine of *res judicata* requires a dismissal with prejudice where an action is barred by a prior judgment. (*Singer v. Brookman* (1991), 217 Ill. App. 3d 870, 875.) In order for *res judicata* to apply, there must be an identity of parties or their privies, identity of the cause of action and subject matter, and a final judgment on the merits in the earlier suit. *Singer*, 217 Ill. App. 3d at 875.

The plaintiff's contention is that *res judicata* does not apply because the *Cravens* decision created a new cause of action which did not exist at the time the trial court dismissed with prejudice the original cause of action on July 25, 1991. We disagree. This case is similar to *In re Marriage of Allcock* (1982), 107 Ill. App. 3d 150. There, the marriage between the petitioner and the respondent was dissolved by judgment on August 30, 1979. On April 14, 1980, the trial court approved a stipulation agreement which provided that the petitioner would receive 45% of the respondent's monthly military nondisability retirement checks. *Allcock*, 107 Ill. App. 3d at 151.

On August 26, 1981, the respondent filed a motion to vacate the April 14, 1980, order. The respondent claimed that the order was void for want of jurisdiction. (*Allcock*, 107 Ill. App. 3d at 151.) The respondent based his argument on a recent Supreme Court decision, *McCarty v. McCarty* (1981), 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728, which held that the area of military nondisability retirement pensions had been preempted by the Federal government and that the pensions were not subject to division upon dissolution of marriage pursuant to State community property laws. The trial court denied the respondent's motion to vacate, and he appealed.

■ The appellate court affirmed, holding that the *res judicata* consequences of a final, unappealed judgment on the merits are not altered by the fact that the judgment may have been wrong or rested on legal principles later overruled in another case. (*Allcock*, 107 Ill. App. 3d at 153, citing *Federated Department Stores, Inc. v. Moitie* (1981), 452 U.S. 394, 398, 69 L. Ed. 2d 103, 109, 101 S. Ct. 2424, 2428.) Similarly, in this case, the *res judicata* consequences of the trial court's final, unappealed judgment dismissing the cause of action against the defendant are not altered by *Cravens'* holding that a social host can be held liable for automobile accident injuries caused by an intoxicated minor driver. The trial court did not err in dismissing count IV of the plaintiff's fourth amended complaint.

The plaintiff next argues that the trial court erred in denying her section 2—1401 petition to vacate the July 25, 1991, dismissal order. Section 2—1401 provides a procedure by which a judgment may be vacated after 30 days of its entry. (735 ILCS 5/2—1401(a) (West

1992).) To be entitled to relief under section 2—1401, the plaintiff must affirmatively set forth specific allegations supporting: (1) a meritorious cause of action; and (2) due diligence in presenting both the action and the section 2—1401 petition for relief. (*Salazar v. Wiley Sanders Trucking Co.* (1991), 216 Ill. App. 3d 863, 870.) The plaintiff must prove her right to the relief sought by a preponderance of the evidence. (*Salazar,* 216 Ill. App. 3d at 870.) The determination of whether to grant the petition will not be disturbed absent an abuse of discretion by the trial court. *Salazar,* 216 Ill. App. 3d at 870.

The plaintiff contends that since the facts of this case and *Cravens* are identical, she now has a meritorious cause of action which had not been available when the trial court dismissed her original action for failure to state a claim. However, we have held that *res judicata* prevents the application of *Cravens* in this case. Moreover, the purpose of a section 2—1401 petition is to bring before the court errors of *fact* which were not known to the court or the moving party at the time of the judgment. (*Lubbers v. Norfolk & Western Ry. Co.* (1984), 105 Ill. 2d 201, 209-10.) The plaintiff's petition, however, is addressed to an alleged error of law. See *In re Charles S.* (1980), 83 Ill. App. 3d 515, 517 (a petition for relief brought under the predecessor to section 2—1401 is addressed to errors of fact, not law).

Furthermore, the Appellate Court, First District's, holding in *Cravens* was not binding precedent upon the trial judge. *Cravens* is the only Illinois decision acknowledging common-law negligence liability where a social host has provided liquor to a minor. Although this court has not rendered an opinion on the subject, the Appellate Court for the Third, Fourth and Fifth Districts has issued opinions conflicting with *Cravens.* See *Coulter v. Swearingen* (1983), 118 Ill. App. 3d 650 (social host not liable when minor guest became intoxicated, drove car, and injured third party in vehicle collision); *Flory v. Weaver* (1990), 196 Ill. App. 3d 149 (social host not liable when minor guest became intoxicated and fatally shot another guest and himself); *Martin v. Palazzolo Produce Co.* (1986), 146 Ill. App. 3d 1084 ("social host" employer not liable to minor employee who became intoxicated and injured himself in automobile accident).

Under the Illinois rule of *stare decisis* between the various districts of the appellate court, a circuit court should follow the precedent of the appellate court of its district, if such precedent exists. (*Sidwell v. Griggsville Community School District 4* (1991), 208 Ill. App. 3d 296, 299.) If not, it must follow the precedent of other districts. (*Sidwell,* 208 Ill. App. 3d at 299.) If the other districts are in disagreement, the circuit court may then choose which precedent it

considers to be most nearly correct. (*Sidwell*, 208 Ill. App. 3d at 299-300.) In this case, since no precedent existed in the second district and there was a disagreement among the other districts, the trial court was permitted to choose which precedent it considered to be correct. The trial court did not abuse its discretion in denying the plaintiff's section 2—1401 petition for relief.

For the foregoing reasons, we affirm the trial court.

Affirmed.

BOWMAN and COLWELL, JJ., concur.