## HEDDEN v. VAUGHAN et ux.

No. 12251—Opinion Filed Nov. 6, 1923.

1. **Appeal and Error — Absence of Answer Brief—Reversal.**

Where the plaintiff in error has regularly filed his brief, and the defendant in error has obtained additional time to file answer brief, and the time so allowed by the court has elapsed and the defendant in error has failed to file his answer brief, has not been granted additional time and has advanced no reason for such failure and default, this court is not required to search the record for the purpose of finding some theory upon which to sustain the judgment of the court below, but if the brief of plaintiff in error reasonably sustains the contention of the plaintiff in error, this court may reverse the judgment or affirm the same.

2. **Same.**

Brief of plaintiff in error examined, and, as it reasonably sustains the assignments of error, the judgment of the trial court is reversed and remanded.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Delaware County; A. C. Brewster, Judge.

Action by Amos Ross Hedden against James E. Vaughan and Sarah Vaughan, to recover an initial payment on certain farm lands. From judgment in favor of the defendants, plaintiff appeals. Reversed and remanded.

D. H. Wilson, for plaintiff in error.

Opinion by RUTH, C. This was an action brought by the plaintiff in error, plain-

tiff below, against the defendants in error, defendants below, to recover $1,000 paid to the defendants as the initial payment on certain farm lands in Delaware county. The parties hereto will be designated as they appeared in the court below.

It appears that plaintiff entered into a contract with defendants to purchase certain lands in Delaware county owned by defendants and paid $1,000 cash upon delivery of abstract and approval, balance of $11,000 to be paid on November 18, 1917, and defendants were to deliver release of mortgage of $5,000. It appears the plaintiff has been ready, willing, and able to pay the money and close the deal, but defendants refused to transfer the property, claiming the plaintiff was not at the bank on the date mentioned in the contract for closing the deal, but it was admitted that defendants had never secured the release of the $5,000 mortgage as provided by the contract.

From a judgment of the court below, plaintiff appealed to this court in regular order and form and filed his brief.

Defendants in error filed their motion for an extension of time within which to file answer brief and the time was by the court extended, and the period of extension has elapsed and defendants have failed to file their brief, or to assign any reason for non-compliance with the rules of this court, and this court is not required to examine the record for the purpose of finding some theory upon which it may sustain the judgment of the trial court, but upon failure of defendants in error to file an answer brief, this court may examine the brief of plaintiff in error, and if the same reasonably sustains the assignments of error therein set forth, this court may reverse the judgment rendered in the court below.

The brief of plaintiff in error reasonably supporting the assignments of error therein set forth, the judgment of the court below should be reversed and this cause remanded with directions to grant the plaintiff a new trial.

By the Court: It is so ordered.