**Flora D. CAMPOS, Plaintiff-Appellee, Cross-Appellant,**

v.

**NEW ENGLAND OYSTER HOUSE, Defendant-Appellant, Cross-Appellee.**

**No. 82-6073**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 4, 1983.

Morgan, Carratt & O'Connor, P.A., Harry G. Carratt, Fort Lauderdale, Fla., for defendant-appellant, cross-appellee.

Frederick E. Graves, Miami, Fla., for plaintiff-appellee, cross-appellant.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

In this national origin discrimination case Flora D. Campos sued the New England Oyster House. The district court found that Campos, who along with three Cuban co-workers was fired and replaced by an Anglo, established a prima facie case of discrimination. *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981); *Wright v. Western Electric Co.*, 664 F.2d 959, 964 (5th Cir.1981). Although the New England Oyster House claimed legitimate reasons justified its firings, the district court found that Campos effectively met her burden of showing these reasons to be a pretext and held that she met her ultimate burden of persuasion. *See Watson v. National Linen Service*, 686 F.2d 877, 881 (11th Cir.1982). The district court's findings are not clearly erroneous, and its judgment for Campos is affirmed. *Pullman-Standard v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982); *Lincoln v. Board of Regents*, 697 F.2d 928 (11th Cir.1983).

Campos' court appointed attorney, Frederick E. Graves of Miami, Florida, failed to file a brief with this court.[1] On May 19, 1983 this court ordered Mr. Graves to show cause within ten days why judgment should not be entered summarily reversing his award of attorneys' fees because of his failure and refusal to file a timely brief on behalf of his client. Mr. Graves' response, received by the court June 13, 1983, was not timely and stated no excusable grounds for his failure. The trial court's award of attorneys' fees is therefore reversed.

AFFIRMED IN PART and REVERSED IN PART.

1. Although Campos filed notice of cross-appeal due to her counsel's inexcusable neglect she filed neither a cross-appellant's brief or an appellee's brief. We therefore dismiss her cross-appeal without consideration. Fed.R.App.P. 31(c); 11th Cir.R. 16; 11th Cir. Internal Op. P. IV(F)(3)(c), IV(F)(4)(c) & VI(G).