**A. MARCUS, INC., Plaintiff/Appellant,**

v.

**Dennis FARROW, Defendant/Appellee.**

**No. 88 C 1788.**

United States District Court,
N.D. Illinois, E.D.

Jan. 6, 1989.

Emalfarb & Goble, Goble & Azelrod, Highland Park, Ill., for plaintiff/appellant.

William R. Dunn, Oak Lawn, Ill., for defendant/appellee.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

On January 21, 1988, plaintiff-appellant A. Marcus, Inc. ("Marcus") appealed pursuant to Bankruptcy Rule 8002 from a judgment of the bankruptcy court rejecting Marcus's objections to the discharge of defendant-appellee Dennis Farrow. Marcus timely filed its notice of appeal, statement of issues on appeal and record of lower court proceedings. Marcus did not, however, timely file its appellate brief on June 24, as ordered by this court. Instead, it filed the brief on July 6.

Because of this delay, the court continued to August 3 a status hearing scheduled for July 19 so as to provide Farrow additional time to respond. When August 3 arrived, however, he still had not submitted a brief, and did not appear in court. Accordingly, this court ordered Marcus to submit an additional brief setting forth the standards for dealing with a party who refuses to respond to an appeal.

Marcus apparently misunderstood the order, for its first supplemental brief merely restated the arguments it had made in the brief on the merits. This court informed Marcus that it would not rule until Marcus had filed the ordered supplemental brief; Marcus finally did so on September 9.

The issue on appeal is whether the bankruptcy court erred in granting Farrow discharge under the Bankruptcy Code, 11 U.S. C. § 727(A)(3). Marcus has alleged two errors in the bankruptcy court: that the court erred in allowing Farrow to submit additional evidence after Farrow had rested his case there; and that the court applied the wrong legal standards in determining whether Farrow was entitled to discharge. As shall be seen, this court will have no occasion to resolve these issues, but not for the reasons Marcus had hoped.

## DISCUSSION

Bankruptcy Rules 8001 et seq. provide the procedures for appeals from bankruptcy courts to district courts. See 11 U.S.C. Rule 8001(a). Rule 8009(a)(2) governs the

filing and service of appellate briefs, and requires the appellee "to serve and file a brief within 15 days after service of the brief of appellant." Since Farrow did not do so, and indeed has filed no brief at all, the question becomes what to do about it.

The Bankruptcy Rules do not provide an answer. Courts construing other provisions of the Bankruptcy Rules have looked to analogous provisions in the Federal Rules of Appellate Procedure, governing appeals to the courts of appeals, for guidance, *see, e.g., Matter of Estate of Butler's Tire & Battery Co., Inc.,* 592 F.2d 1028, 1031 (9th Cir.1979) (construing former Bankruptcy Rule 802(c) in light of Appellate Rule 4(a)), but that approach presents a problem here.

Bankruptcy Rule 8009(a) is adapted from Rule 31(a) of the Appellate Rules. Like Rule 8009(a), Rule 31(a) establishes the time limits for filing appellate briefs. But unlike Rule 8009, Rule 31 specifically provides for a sanction against a nonfiling appellee. Rule 31(c), entitled "Consequence of Failure to File Briefs," states that "[i]f an appellee fails to file a brief the appellee will not be heard at oral argument except by permission of the court." The courts of appeals have generally construed Rule 31(c) as providing the exclusive sanction for an appellee's failure to file an appellate brief. *Teamsters Chauffeurs, etc., Local Union 524 v. Billington,* 402 F.2d 510 (9th Cir.1968) ("Although parties may be defaulted in a trial court for failing to appear at the trial, on appeal we must consider the record made below and the brief of the appellant."); *see also Instituto Nacional De Comercializacion Agricola v. Continental Illinois National Bank,* 858 F.2d 1264, 1270–71 (7th Cir.1988); *H.C. By Hewett v. Jarrard,* 786 F.2d 1080 (11th Cir.1986); *United States v. Everett,* 700 F.2d 900 (3d Cir.1983). *But see Campos v. New England Oyster House,* 711 F.2d 158 (11th Cir.1983) (summarily reversing award of attorney fees where appellee failed to file appellate brief). Yet, the question remains whether Rule 8009's omission of a provision analogous to Rule 31(c) means that no sanction whatever is to be imposed against a non-filing appellee, or instead that district courts may develop their own approaches to such conduct in bankruptcy appeals.

As it turns out, this court need not resolve that question. Before explaining why, however, a brief discussion of the possible approaches the court might take in dealing with Farrow's failure to file his brief is necessary.

State appellate courts, unbridled by Federal appellate Rule 31(c)'s exclusive sanction for non-filing appellees, have articulated three different approaches to such cases. In some cases, "the reviewing court may reverse the judgment without further explanation of the merits of the appeal." *Loucks v. Loucks,* 130 Ill.App.2d 961, 266 N.E.2d 924, 926 (1971); *Turner v. Santee Cement Carriers, Inc.,* 277 S.C. 91, 282 S.E.2d 858 (1981); *Daines v. Abrams,* 99 Nev. 98, 659 P.2d 296 (1983); *Sparkman v. Sparkman,* 441 So.2d 1361 (Miss.1983). In others, the appellate court will reverse the lower court's judgment so long as the "brief of the [appellants] appears to reasonably sustain the assignments of error." *Hedden v. Vaughan,* 220 P. 337 (Okl.1923); *Capitol Dodge, Inc. v. Haley,* 154 Ind.App. 1, 288 N.E.2d 766, 768 (1972) ("[I]n such situation, the appellants need only make a prima facie showing of reversible error in order to obtain reversal of the trial court's decision."). Finally, some cases apply the approach used in the federal courts, undertaking a full-fledged review of the issues raised by the appellant and sanctioning the appellee only inasmuch as he is prohibited from arguing in support of his position. *See, e.g., Beatrice H. v. Joan H.,* 242 Cal. Rptr. 567, 196 Cal.App.3d 1421 (1987). Whereas some state appellate courts employ only one of the three approaches in all cases before them, *e.g., Dorothy Edwards Realtors, Inc. v. McAdams,* 525 N.E.2d 1248 (Ind.App.1988) (Indiana courts apply prima facie case method), others retain the discretion to choose the appropriate approach on a case-by-case basis, *e.g., Ottwell v. Ottwell,* 522 N.E.2d 328, 118 Ill.Dec. 873, 167 Ill.App.3d 901 (1988) (Illinois courts may either summarily reverse or, if they so choose, determine appeal on its merits).

 

Marcus contends that it can prevail under any of the three approaches. A review of Marcus's brief on the merits, however, reveals that the brief fails to conform with the requirements set forth by the Bankruptcy Rules, *see* 11 U.S.C. Rule 8010. It lacks a table of contents with page references (Rule 8010(a)(1)(A)), a statement of the basis of appellate jurisdiction (Rule 8010(a)(1)(B)), a statement of the applicable standard of appellate review (Rule 8010(a)(1)(C)), a statement of the relevant facts with citations to the record * (Rule 8010(a)(1)(D)), an argument with citations to the parts of the record relied on (Rule 8010(a)(1)(E)), and a statement of the *precise* relief sought from this court (Rule 8010(a)(1)(F)). In short, the brief is woefully inadequate, and only marginally better than no brief at all. Had Farrow moved to strike the brief, this court would almost certainly have dismissed Marcus's appeal. *See* Bankruptcy Rule 8001(a).

Because Farrow did not respond, however, it is necessary to go one step further. While Marcus's inadequate brief cannot establish reversible error, nor even demonstrate a prima facie case of it, Marcus would prevail despite its deficient brief were this court to rule that Rule 8009(a) sanctions reversal when an appellee fails to file a brief.

Unfortunately for Marcus, this court will not adopt that approach. Even assuming arguendo that this court possesses the authority to impose a stricter sanction against Farrow for violating Rule 8009(a) than Rule 31(c) provides for transgressions of Rule 31(a), summary reversal is inappropriate here.

Marcus was the plaintiff in the proceeding before the trial court and (apparently, though its brief is unclear on this score) sought to have approximately $8,000 of Farrow's debts declared non-dischargeable. Although Marcus fails to state precisely what relief it seeks, it is likely that, were

this court to reverse the bankruptcy court and enter judgment for Marcus, Farrow would be denied discharge on a large portion of his debts. That would be a harsh result. No appellate court, state or federal, of which this court is aware has summarily reversed a trial court's ruling for a defendant where the defendant-appellee failed to file an appellate brief, and this court will not become the first to do so. At the very least, Marcus had to demonstrate a reasonable basis for reversing the trial court and entering judgment in its favor. Because it has not, its appeal must be denied.

## CONCLUSION

The appeal is denied and the judgment of the bankruptcy court is affirmed.

---

\* Had Marcus properly documented its statement of the case with citations to the trial court record, it would have had to have noticed that the transcript from the final day of the bench trial omits Mr. Farrow's testimony given after the court re-opened the case—testimony at the core of Marcus's first issue on appeal—as well as a good portion of the bankruptcy court's oral ruling on the case. While it is not Marcus's fault that the transcript is incomplete, Marcus does bear the responsibility for failing to discover the problem and remedy it.