**In re Gennaro RAUSO, Debtor.**

**Civil Action No. 97–3959.
Bankruptcy No. 96–13115SR.**

United States District Court,
E.D. Pennsylvania.

Aug. 22, 1997.

Gennaro Rauso, Graterford, PA, pro se.

Christopher J. Fox, Berwyn, PA, for GE Capital Mortgage Services, Inc.

Frederic L. Reigle, Reading, PA, Chapter 13 Trustee.

Frederic Baker, Office of the U.S. Trustee, Philadelphia, PA, Asst. U.S. Trustee.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

Presently before the Court is an appeal from the Bankruptcy Court's Order dated April 24, 1997 denying Gennaro Rauso's Motion to Set Aside Judgment. For the reasons that follow, the decision of the Bankruptcy Court will be affirmed.

### I. Facts and Procedural Background.

On April 8, 1996, Gennaro Rauso ("Debtor"), an inmate presently incarcerated at the Pennsylvania State Correctional Institution at Graterford, filed for Bankruptcy under Chapter 13 of the Bankruptcy Code. Debtor, proceeding *pro se*, has filed seven such actions since 1993. Debtor's Petition was dismissed and the case closed on April 30, 1996 when Debtor failed to file required documents.

On June 5, 1996, GE Capital Mortgage Services, Inc. ("GE") moved to reopen Debtor's Petition. GE, the holder of a secured claim on Debtor's real property, was prevented from foreclosing on the property by Debtor's successive Chapter 13 filings. GE sought to reopen in order to file a Motion to Dismiss with prejudice and to prohibit Debtor from refiling for 180 days.

The Honorable Steven Raslavich, of the United States Bankruptcy Court for the Eastern District of Pennsylvania, granted GE's motion by Order dated July 10, 1996. That Order inadvertently indicated that its basis was the Debtor's failure to file a timely answer. Actually, the Bankruptcy Court had both the Debtor's Answer and Amended Answer before it in making its ruling. Thus, on July 30, 1996, the July 10th Order was vacated, and a second Order reopening Debtor's case was entered.

GE's Motion to Dismiss with prejudice was granted on October 4, 1996. Additionally, Debtor was prohibited from filing any petition under the Bankruptcy Code for a period of one year. The Bankruptcy Court then issued a Supplemental Order dated October 11, 1996 detailing Debtor's abuse of the bankruptcy process and noting that Debtor admitted, in his answer, having "no regular income." That admission disqualified him from being a "debtor" under Chapter 13 of the Bankruptcy Code. 11 U.S.C. § 109(e).

On April 2, 1997, Debtor filed a Motion to Set Aside Judgment under Federal Rule of Civil Procedure 60(b). This Motion was denied on April 24, 1997. Debtor's timely appeal to this Court followed.

Upon Debtor's filing of his notice of appeal on June 10, 1997, a "briefing schedule" was issued by the Clerk's Office. The schedule required Debtor to file his appellant's brief within fifteen days and Debtor has done so. GE was required to file their reply brief within 15 days of service of Debtor's brief. GE has failed to do so and, in fact, has refused to do so, noting that they consider this appeal frivolous.[1] Consequently, this Court must decide this appeal based solely upon the Debtor's *pro se* appellate brief. In response, Debtor has filed a "Letter Motion To Strike Appellee's Brief and Proceed."

### II. Discussion.

#### A. Sanctions imposed under Bankruptcy Rule 8009.

■ Bankruptcy Rule 8009(a) sets time limitations for the filing of briefs with the District Court during a Bankruptcy appeal. By refusing to file their appellee's brief, GE has violated Bankruptcy Rule 8009(a)(2). The Bankruptcy Rules, however, do not provide a sanction for violation of Rule 8009(a). Thus, this Court must determine the appropriate procedure for handling this unique situation.[2]

In construing the Bankruptcy Rules, it is common for federal courts to turn to interpretations of similar sections of the Federal Rules of Appellate Procedure. *Marcus v. Farrow*, 94 B.R. 513, 514 (N.D.Ill.1989) (citing *Matter of Estate of Butler's Tire & Bat-*

---

1. *Childs v. Kaplan*, 467 F.2d 628, 629 (8th Cir. 1972) (noting with disapproval appellee's election not to file a brief).

2. This precise issue has arisen in only one other case. In *Marcus v. Farrow*, 94 B.R. 513 (N.D.Ill. 1989), the court declined to decide how a district court should handle an appellee who fails to file a brief as required by Bankruptcy Rule 8009(a)(2). Instead, the decision of the Bankruptcy Court was affirmed because the appellant's brief was so inadequate that it failed to demonstrate a reasonable basis for reversal. *Id.*

*tery Co. Inc.*, 592 F.2d 1028, 1031 (9th Cir. 1979)); *In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir.1994). "Bankruptcy rules are generally construed in the same manner as the Federal Rules of Appellate Procedure." *In re Cahn*, 188 B.R. 627, 632 (9th Cir. BAP 1995).

Appellate Rule 31 is the equivalent of Bankruptcy Rule 8009. *Marcus*, 94 B.R. at 514. Appellate Rule 31(c), entitled "Consequence of Failure to File Briefs", provides that "appellee will not be heard at oral argument except by permission of the court" as a consequence of failing to file an appellee's brief. FED. R.APP. PRO. 31(c). Bankruptcy Rule 8009 *does not* contain a similar sanction. FED. R. BANKR. PRO. 8009. Whether this court can nonetheless sanction GE for failing to file a brief is the issue at hand.

The omission of a provision providing for a sanction in Bankruptcy Rule 8009 does not mean a sanction can not be imposed. Case law and commentary of Bankruptcy Rule 8009(a) centers on the appellant's, rather than appellee's, failure to file a timely brief. By analogy, however, that analysis is applicable to the case at bar.

Dismissal is the "ultimate sanction" available for appellant's failure to file their brief in accordance with Bankruptcy Rule 8009(a). *See e.g., Matter of MacMeekin*, 722 F.2d 32, 34 (3d Cir.1983). Summary reversal of the Bankruptcy Court would be the equivalent of dismissal. *See Marcus*, 94 B.R. at 514. Prior to dismissal, however, in the exercise of sound discretion, less severe sanctions must be considered. *Jewelcor Inc. v. Asia Commercial Co.*, 11 F.3d 394, 397 (3d Cir.1993) (citing *Donnelly v. Johns–Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir.1982)). Application of Appellate Rule 31(c) is one such alternative sanction that must be considered. *Marcus*, 94 B.R. at 514.

Debtor has moved to strike any brief appellees may file. It is unclear whether this Court has the authority to impose a sanction harsher than that provided for in Appellate Rule 31(c). *Marcus*, 94 B.R. at 515. GE, due to its refusal to reply, will be sanctioned, however, not in the manner suggested by Debtor's Motion. Thus, Debtor's Motion to strike is denied. Instead, the sanction of Appellate Rule 31(c) will be applied and GE will be prohibited from offering oral argument without permission of the Court. This sanction is merely theoretical, however, as the Court finds this appeal suitable for decision without oral argument. FED. R. BANKR. PRO. 8012.

We now turn to the merits of Debtor's appeal.

### B.   The Merits of Debtor's Appeal.

This Court has jurisdiction to hear Debtor's appeal pursuant to 28 U.S.C. § 158(a). The Bankruptcy Court's conclusions of law are subject to "de novo" review by this Court. *See In re Thornwood Assocs.*, 162 B.R. 438, 440 (M.D.Pa.1993) (citing, *In re Marcus Hook Development Park, Inc.*, 943 F.2d 261, 266 (3d Cir.1991)). Findings of fact, however, are reviewed under a "clearly erroneous" standard. FED.R.BANKR.PRO. 8013.; *Chemetron v. Jones*, 72 F.3d 341, 345 (1995) *cert. denied* —— U.S. ——, 116 S.Ct. 1424, 134 L.Ed.2d 548.

Debtor's brief sets forth two objections to the Bankruptcy Court's reopening of his previously dismissed case. First, Debtor argues that the relief requested by GE, dismissal with prejudice and a bar to refiling, is not a "core proceeding" within the meaning of 28 U.S.C. § 157, thus, the Bankruptcy Court lacked jurisdiction. This contention is without merit.

Section 157 lists what are "core proceedings." 28 U.S.C. § 157(b)(1). "[M]atters concerning the administration of the estate" are "core proceedings." 28 U.S.C. § 157(b)(2)(A) "[O]ther proceedings affecting the assets of the estate" are also "core proceedings." 28 U.S.C. § 157(b)(2)(O). GE's request for dismissal with a bar to refiling is a "core proceeding" because it both concerns the administration of the estate and affects the assets of the estate. *In re Herrera*, 194 B.R. 178, 182 (Bankr.N.D.Ill.1996). The Bankruptcy Court had jurisdiction to entertain GE's motion, as it was a "core proceeding" under section 157.

Debtor's second argument is that the motion was granted in error because GE failed to demonstrate either "cause" or "equitable relief" within the meaning of 11 U.S.C. § 350(b). This contention is also without merit.

Section 350(b) provides: "A case may be reopened . . . to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). We agree with Debtor's argument that he was not accorded relief by the reopening of his case. That, however, was not the basis for the Bankruptcy Court's ruling.

Debtor's case was reopened "for other cause." 11 U.S.C. § 350(b). Specifically, to prevent Debtor from abusing the Bankruptcy process by his successive filing and to allow GE to foreclose on Debtor's real property. This constitutes sufficient "cause" for reopening under section 350(b). *In re Narod,* 138 B.R. 478 (E.D.Pa.1992).

### III. *Conclusion.*

GE, due to its violation of Bankruptcy Rule 8009(a), is prohibited from offering oral argument except with permission of the Court. Debtor's Motion to strike is therefore denied.

The record below indicates that the Bankruptcy Court had "cause" to reopen Debtor's case under section 350(b). Further the matter is a "core proceeding" under section 157. Thus, the decision of the Bankruptcy Court is affirmed.