In re Mark Joseph DONAHUE and Karen Lee Donahue, Debtors.

Internal Revenue Service, Appellant,

v.

Mark Joseph Donahue and Karen Lee Donahue, Appellee.

No. 6:08–cv–1785–Orl–22DAB.
Bankruptcy No. 6:07–bk–2502–ABB.
Adversary No. 6:07–ap–163–ABB.

United States District Court,
M.D. Florida,
Orlando Division.

March 25, 2009.

Martin D Schwebel, Martin D Schwebel Pa, Maitland, FL, for Debtors.

George E Mills, Jr., Gotha, FL, Trustee.

### ORDER

ANNE C. CONWAY, District Judge.

## I. INTRODUCTION

In this bankruptcy appeal, Appellant Internal Revenue Service seeks reversal of the Bankruptcy Court's determination that the Appellees–Debtors' 2004 tax liability was dischargeable pursuant to 11 U.S.C. §§ 523(a)(1), 523(a)(7)(B), and 727(b). Upon carefully considering the Appellant's brief and the record on appeal, this Court affirms the decision of the Bankruptcy Court.

## II. BACKGROUND

On June 15, 2007, Appellees Mark and Karen Donahue[1] (collectively the "Debtors") filed a petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. On September 12, 2007, the Appellant Internal Revenue Service ("IRS") filed a Proof of Claim for unpaid income taxes. (Doc. No. 2–24.)[2] Subsequently, on September 18, 2007, the Debtors filed a Complaint against the IRS in the United States Bankruptcy Court for the Middle District of Florida seeking to have their federal income tax debts for the tax years 1993 through 2004 deemed dischargeable. (Doc. No. 2–6.) The IRS answered the Debtors' Complaint on October 28, 2007 and denied the dischargeability of the tax debt. (Doc. No. 2–7.) On January 4, 2008, the IRS filed a statement summarizing its position as to all of the tax years in question. (Doc. No. 2–8.) Specifically, with regard to tax year 2004[3], the IRS stated that the tax liability was a nondischargeable priority tax debt pursuant to 11 U.S.C. § 523(a)(1)(A).[4] (*Id.* at 1.)

---

1. The Debtors are a married couple.

2. This Order employs the following record citation conventions: Documents filed in the Bankruptcy Court are cited as "(Doc. No. 2–___.)" All other documents filed in the District Court are cited as "(Doc. No. ___.)" For example, the Debtors' Complaint filed in the Bankruptcy Court is cited as "(Doc. No. 2–6.)" The Appellant's Brief filed in the District Court, however, is cited as "(Doc. No. 4.)"

3. The 2004 tax year is the only tax year at issue in this appeal.

4. Section 523(a)(1)(A), one of the enumerated exceptions to the dischargeability of a debt, states that "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt ... for a tax or a customs duty ... of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or

The Bankruptcy Court held evidentiary hearings on March 8, 2008 and July 14, 2008 concerning the dischargeability of the tax debts. The Bankruptcy Court also requested that the IRS submit supplemental briefing[5] concerning dischargeability, which briefing the IRS submitted on July 30, 2008. (Doc. No. 2–12.) On August 25, 2008, the Bankruptcy Court issued a Memorandum Opinion and Judgment in which the court, *inter alia*, discharged the Debtors' 2004 tax liability. (Doc. No. 2–2 at 10–11.) Specifically, with regard to the 2004 tax liability, the Bankruptcy Court determined that the IRS had the burden to establish by a preponderance of the evidence that the alleged tax liability was nondischargeable. (*Id.* at 10.) However, the Bankruptcy Court found that the IRS did not meet its burden, stating that "[t]he IRS provided no basis for such contention and no documentation regarding tax year 2004, including when such penalties were assessed or imposed." (*Id.* at 7.) As such, the Bankruptcy Court ruled that the Debtors' 2004 tax liability was dischargeable. (*Id.* at 10–11.)

On September 4, 2008, the IRS filed a Motion to Alter or Amend Judgment, arguing that the Bankruptcy Court erred, as a matter of law, in ruling that the 2004 tax liability was dischargeable. (Doc. No. 2–20 at 1.) Specifically, the IRS argued that it met its burden of proof because the Debtors conceded at trial that the 2004 taxes were nondischargeable priority taxes. (*Id.* at 4.) Specifically, the IRS relied on a brief colloquy between the attorneys for both parties and Judge Briskman, in which the following exchange[6] transpired:

> MS. WALSH (IRS): The last one we do have is a priority claim for 200[4].
>
> THE COURT: Yeah, but I don't think that's disputed, is it?
>
> MR. SCHWEBEL: For 2006?
>
> MS. WALSH (IRS): 2004.
>
> MR. SCHWEBEL: Have a priority claim on that one—
>
> MS. WALSH (IRS): Because of the time period, because three years before the petition date would be 6/15/04 and the 2004 tax last due 4/15/05.
>
> MR. SCHWEBEL: There may be a time frame issue there.
>
> THE COURT: It doesn't sound like an issue. It sounds like it's two years.
>
> MR. SCHWEBEL: Well, yeah, I agree that sounds like—
>
> THE COURT: Take a look at it.
>
> MR. SCHWEBEL: We're under the time frame on one.
>
> THE COURT: That's all they're saying.
>
> MR. SCHWEBEL: That may be it but that's about $2,000.

allowed." Section 507(a)(8), the section relied upon by the IRS, contains the three-year lookback exception to dischargeability and, when read together with § 523(a)(1)(A), states that "a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition" is nondischargeable. Therefore, any tax debt incurred in the three years prior to filing a petition for bankruptcy is considered a nondischargeable priority tax debt under the Bankruptcy Code.

5. The requested supplemental briefing was intended to give the IRS an opportunity to explain the numeric codes used in its Literal Transcripts and to address whether the IRS possessed records reflecting that the Debtors' tax returns were received.

6. The full transcript cited in the IRS' appellate brief could not be found in this Court's docket. However, the Debtors did not object to the excerpt of the transcript that the IRS used in its appellate brief even though the Debtors were given an opportunity to respond and state objections. As such, the excerpt of the transcript, reproduced here, will be taken as true for this appeal.

(*Id.* at 3–4.) As a result of this exchange, the IRS contended that "Plaintiffs' counsel conceded, and the Court seemed to agree" that the 2004 tax debt was nondischargeable. (*Id.* at 4.)

The Bankruptcy Court, however, disagreed. In the Bankruptcy Court's Order, dated September 12, 2008, Judge Briskman held that "[t]he exchange does not constitute evidence nor does it constitute a ruling by the Court as to the 2004 tax liability." (Doc. No. 2–23 at 2.) Moreover, Judge Briskman reiterated his earlier finding that the IRS had not met its evidentiary burden regarding the 2004 tax liability and emphasized that the IRS was "provided ample opportunity to meet its evidentiary burden" and was also provided an opportunity to submit post-trial supplemental documentation. (*Id.* at 3.) Therefore, the Bankruptcy Court determined that the IRS had presented no newly-discovered evidence or demonstrated any manifest error of law or fact warranting the reconsideration or amendment of the Memorandum Opinion and Judgment, and denied the IRS' motion. (*Id.*)

Subsequently, on September 22, 2008, the IRS submitted a Notice of Appeal (Doc. No. 2–1) to this Court and filed an appellate brief[7] (Doc. No. 4) on October 29, 2008. In its appellate brief, the IRS essentially advanced the same argument that it raised before the Bankruptcy Court in its Motion to Alter or Amend Judgment, relying on the brief colloquy between the parties and Judge Briskman at trial as proof that the Debtors conceded the nondischargeability of their 2004 tax liability, thus satisfying the IRS' ultimate burden of proof.[8] (*Id.* at 4–6.)

Therefore, the main issue in this case is whether the Bankruptcy Court erred as a matter of law in determining that the IRS failed to meet its burden of proof, by a preponderance of the evidence, in establishing that 1) a tax liability existed for the 2004 tax year, and 2) the tax liability was nondischargeable. Also, as an ancillary matter, this Court must also determine whether the Debtors' failure to file an answer brief has any bearing on the outcome of this appeal.

### III. STANDARD OF REVIEW

■ Since a district court functions as an appellate court when reviewing bankruptcy court judgments, it reviews the bankruptcy court's legal conclusions *de novo* and must accept the bankruptcy court's factual findings unless they are clearly erroneous. *In re JLJ, Inc.*, 988 F.2d 1112, 1116 (11th Cir.1993).

### IV. ANALYSIS

*Issue 1: The Effect of the Debtors'
Failure to File an Answer
Brief*

■ In its appellate brief, the IRS repeatedly emphasizes the Debtors' failure

---

7. On December 2, 2008, this Court ordered the Debtors to file their answer brief by December 12, 2008. (Doc. No. 7.) However, to date the Debtors have failed to file their brief.

8. The IRS also included a second argument in its brief, contending that the 2004 tax liability was nondischargeable as a matter of law pursuant to the three-year lookback period found in § 507(a)(8)(A)(i), mentioned *supra,* which states that § 523(a)(1)(A) exempts from dischargeability any tax debts incurred in the three years prior to the filing of the bankruptcy petition. (Doc. No. 4 at 6–7.) The IRS asserted that the Debtors' 2004 tax liability was not due until April 15, 2005 and, as such, the tax liability must have been incurred within the three-year lookback period, since the Debtors filed for bankruptcy on June 15, 2007. (*Id.*) However, the 2004 tax debt cannot be deemed nondischargeable by virtue of the three-year lookback period unless the IRS has proved the tax liability for that year.

to contest many of the assertions the IRS made throughout the duration of the bankruptcy case. (Doc. No. 4 at 3–6.) Moreover, here, the Debtors have failed to file an answer brief responding to the IRS' contentions in this appeal even though this Court previously ordered the Debtors to file an answer brief. Consequently, this Court must determine what effect, if any, the Debtors' failure to file an answer brief has in this case.

Rule 8009(a) of the Federal Rules of Bankruptcy Procedure states that "[t]he appellee shall serve and file a brief within 15 days after service of the brief of appellant." Fed. R. Bankr.P. 8009(a). However, the Rule fails to declare what penalties, if any, should be imposed on an appellee who violates the Rule by failing to file an answer brief. *See id.* A review of relevant federal case law reveals that courts look to the Federal Rules of Appellate Procedure to resolve this issue, since "it is common for federal courts to turn to interpretations of similar sections of the Federal Rules of Appellate Procedure" when interpreting the Bankruptcy Rules. *See In re Rauso,* 212 B.R. 242, 243 (E.D.Pa. 1997); *see also A. Marcus, Inc. v. Farrow,* 94 B.R. 513, 514 (N.D.Ill.1989).

Rule 31 of the Federal Rules of Appellate Procedure "is the equivalent of Bankruptcy Rule 8009." *In re Rauso,* 212 B.R. at 244. Rule 31(c) states that the appropriate sanction to impose upon an appellee for failing to file an answer brief is that the appellee "will not be heard at oral argument except by permission of the court." Fed. R.App. P. Rule 31(c). Therefore, federal courts have applied the Rule 31(c) sanction to appellees who have failed to file an answer brief as required by the Bankruptcy Rules. *See Marcus,* 94 B.R. at 514; *In re Rauso,* 212 B.R. at 244. As such, in this case, the appropriate sanction would be to deny the Debtors' an

opportunity to be heard at oral argument except by permission of the Court. However, this Court finds that oral argument is unnecessary since the issues can be resolved by a careful review of the IRS' brief and the record on appeal.

*Issue 2: Whether the IRS Failed to Meet its Burden of Proof in Establishing that a Nondischargeable Tax Liability Existed for the 2004 Tax Year*

As mentioned above, this Court must ultimately determine whether the Bankruptcy Court erred in determining that the IRS failed to meet its burden of proof in establishing that 1) a tax liability existed for the 2004 tax year, and 2) the tax liability was nondischargeable. The IRS, as the nondischargeability complainant, bears the burden of proving, by a preponderance of the evidence, that a particular claim is nondischargeable under § 523(a). *In re Fretz,* 244 F.3d 1323, 1327 (11th Cir.2001). Moreover, any exceptions to the general rule of discharge, such as the exceptions found in § 523(a), are to be strictly construed in favor of the debtor. *Id.* In this case, as mentioned above, the IRS claims that the Debtors' tax liability for the 2004 tax year is nondischargeable because it falls within the three-year lookback exception of §§ 523(a)(1)(A) and 507(a)(8). (Doc. No. 4 at 6.) Specifically, the IRS alleges that it has met its burden of proof because the Debtors admitted at trial that the 2004 tax liability met the dischargeability exception. (*Id.* at 4–6.)

Here, however, the IRS failed to meet its burden of proving that the Debtors' 2004 tax liability was a nondischargeable priority tax debt under § 523(a)(1)(A). First, in reviewing the excerpt from the transcript cited in the IRS' brief, it is not readily apparent that the Debtors conceded that their alleged 2004 tax liability was nondischargeable. Rather, the exchange seemed to relate solely to whether

the IRS' claim fell within the three-year lookback period. However, nowhere in the exchange did it appear that the counsel for the Debtors admitted that a valid liability for the 2004 tax year existed or conceded that such a tax liability would be a nondischargeable priority debt. Therefore, this brief exchange, by itself, does not satisfy the IRS' burden that the Debtors' alleged 2004 tax liability not only existed, but was nondischargeable.[9]

Second, in the Bankruptcy Court's Order concerning the IRS' Motion to Alter or Amend Judgment, Judge Briskman specifically addressed the exchange in the transcript and concluded that "[t]he exchange does not constitute evidence nor does it constitute a ruling by the Court as to the 2004 tax liability." (Doc. No. 2–23 at 2.) In fact, nowhere in the exchange does Judge Briskman make an express or implied finding that the Debtors admitted that the alleged 2004 tax liability constituted a nondischargeable priority tax debt under the Bankruptcy Code. As such, this Court will not overrule the determination of the Bankruptcy Judge, who was at the hearing and directly participated in the colloquy in question.

Finally, the thrust of the Bankruptcy Court's ruling centered on the IRS' failure to produce any evidence concerning whether its records showed that tax returns were actually received for 2004 and also whether the IRS could explain the numeric codes contained in its Literal Transcripts. (Doc. No. 2–2 at 2–7, 10.) In its Memorandum Opinion and Judgment concerning nondischargeability, the Bankruptcy Court

determined that "[t]he IRS provided no basis for such contention and no documentation" regarding the existence and nondischargeability of the 2004 tax liability. (*Id.* at 7.) Moreover, in its Order relating to the IRS' Motion to Alter or Amend Judgment, Judge Briskman reiterated:

> The IRS was provided ample opportunity to meet its evidentiary burden in this adversary proceeding. The trial was commenced on May 8, 2008 at which the IRS presented a revenue officer who was unable to explain the content of the Literal Transcripts. The trial was continued to July 14, 2008 to allow the IRS an opportunity to explain the Literal Transcripts and to address whether its records reflect returns were received. The IRS was also provided an opportunity to submit post-trial supplemental documentation. The Memorandum Opinion and Judgment were rendered based on the Court's review of all the evidence presented by the parties.

(Doc. No. 2–23 at 3.) As such, the record makes clear that the IRS was unable to provide documentation to show that it actually received the Debtors' tax returns and was also unable to explain the content of its Literal Transcripts [10] to the Bankruptcy Court, even after it had multiple opportunities to do so. As a result, the IRS failed to prove, by a preponderance of the evidence, that the tax liability for the 2004 tax year existed and that it was a nondischargeable priority tax debt pursuant to § 523(a). Consequently, this Court affirms the decision of the Bankruptcy Court and holds that the Debtors' 2004 tax liability is dischargeable.

9. If the IRS intended to obtain an admission from the Debtors' counsel, the parties could have, among other things, submitted a written joint stipulation to the Court or orally stipulated to the fact at trial, or counsel for the IRS could have questioned the Debtors' counsel further at trial to secure a clear, proper admission. Here, however, counsel for the IRS did nothing of the sort.

10. In fact, in his Memorandum Opinion and Judgment, Judge Briskman found that the Literal Transcripts were "indecipherable." (Doc. No. 2–2 at 6.)

## V. CONCLUSION

Based on the foregoing analysis, this Court affirms the Memorandum Opinion and Judgment of the Bankruptcy Court, and that court's finding that the IRS failed to meet its burden of proving that the Debtors' alleged tax liability for the 2004 tax year constituted a nondischargeable priority tax debt under § 523(a).

Therefore, it is **ORDERED** as follows:

1. The Bankruptcy Court's August 25, 2008 Memorandum Opinion and Judgment finding that the Debtors' 2004 tax debt is dischargeable pursuant to 11 U.S.C. §§ 523(a)(1), 523(a)(7)(B), and 727(b) is **AFFIRMED.**

2. The Clerk of the District Court is directed to enter a final judgment providing that the Bankruptcy Court's August 25th Memorandum Opinion and Judgment finding that the Debtors' 2004 tax debt is dischargeable pursuant to 11 U.S.C. §§ 523(a)(1), 523(a)(7)(B), and 727(b) is **AFFIRMED.**

3. The Clerk of the District Court shall close this case.